UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Fidel Gallardo-Romero,

    Petitioner,

v.

Eric Holder,
U.S. Attorney General,

Janet Napolitano,
Secretary of Homeland Security,

John Morton,
U.S. ICE Director for Minnesota, and

JOEL L. BROTT,
Sherburn County Sheriff or Warden, Center of
Immigration Detention,

    Respondents.

Civil No. 12-1164 (JNE/SER)

**REPORT AND RECOMMENDATION**

Petitioner, an inmate at the Sherburne County Jail in Elk River, Minnesota, commenced this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1.] The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be dismissed without prejudice.

Petitioner filed his habeas corpus petition on May 15, 2012. Shortly thereafter, the Court reviewed the petition and determined Petitioner was seeking relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001). The allegations in the petition did not appear to support an actionable *Zadvydas* claim, however, so this Court ordered Petitioner to show cause why this action should not be summarily dismissed. (*See* Order dated May 24, 2012; [Doc. No. 4].) In Petitioner's

1

response to that order, [Doc. No. 6] he abandoned his *Zadvydas* claims, and attempted to bring new claims for relief not raised in his original petition. Petitioner was ordered to file a new amended habeas corpus petition setting forth all of his true claims for relief. (*See* Order dated June 29, 2012; [Doc. No. 7].) That second order expressly informed Petitioner that if he did not file an amended habeas corpus petition by July 13, 2012, he would be deemed to have abandoned this action, and the Court would recommend that the case be summarily dismissed without prejudice for lack of prosecution.

The deadline for complying with the most recent has expired, and Petitioner has not filed an amended habeas corpus petition, nor has he offered any excuse for his failure to do so. In fact, Petitioner has not communicated with the Court on this matter at all since entry of the last order. Therefore, it is now recommended, consistent with the Court's prior order, that Petitioner be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). *See Henderson v. Renaissance Grand Hotel*, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (federal court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be dismissed summarily for lack of prosecution, the Court will further recommend that Petitioner's pending application for leave to proceed *in forma pauperis*, (Docket No. 3), and his pending motion for appointment of counsel, (Docket No. 2), be summarily denied as moot.

**RECOMMENDATION**

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 3), be **DENIED AS MOOT**;

2. Petitioner's motion for appointment of counsel, (Docket No. 2), be **DENIED AS MOOT**; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: August 22, 2012
                *s/Steven E. Rau*
                Steven E. Rau
                U.S. Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 5, 2012** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.